UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 04-CR-10121-JLT |
| | ) |
| MARISOL FELIX | ) |

## GOVERNMENT'S TRIAL BRIEF

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorneys Seth P. Berman and Linda M. Ricci, respectfully submits this trial brief to assist the Court during the upcoming trial of the above-captioned matter, which is scheduled for July 24, 2006. The trial is expected to last for approximately three days. The defendant is represented by James Cipoletta, Esq.

The defendant is charged in a four-count indictment with one count of theft of government property, in violation of 18 U.S.C. § 641, one count of unlawful procurement of citizenship or naturalization, in violation of 18 U.S.C. § 1425, and two counts of false statements to government agents or agencies, in violation of 18 U.S.C. § 1001.

## SUMMARY OF FACTS

In 1988, Luis Rosario, a Puerto Rican-born New York resident, met and married the defendant. After a few weeks, the defendant and Luis Rosario broke up. Luis Rosario moved back to his native Puerto Rico, and the two never had contact again. They never formally divorced.

Shortly thereafter, the defendant began to live with another man in Lawrence, Massachusetts. The defendant claimed that this other man, true identity unknown, was Luis Rosario, with the same date of birth, social security number, and other personal identifying information. This second man was murdered in Lawrence in 1989.

In April 1993, the defendant applied for an immigrant visa claiming that she was eligible for immigration based on the fact that she was planning to live with her husband Luis Rosario of Methuen, Massachusetts, who was a U.S. citizen by virtue of his birth in Puerto Rico. This application, which purportedly was preceded by the filing of a petition for alien relative by Luis Rosario, was supported by various information purportedly provided by him, including his birth certificate and social security number. She also submitted an affidavit of support purportedly prepared by Luis Rosario, together with documentation purporting to show that he was then employed at Sanchez Sunoco in Lawrence, Massachusetts. This documentation included a letter purportedly signed by Daniel Sanchez, the owner of Sanchez Sunoco, stating the Luis Rosario was an assistant manager of Sanchez Sunoco between December 1990 and April 1994, as well as a W-2 form purportedly showing the Luis Rosario had earnings of approximately $17,000 during 1993 from his employment with Sanchez Sunoco.

In fact, this application was materially false in several respects. First, the man that the defendant claimed was Luis Rosario and with whom she was living in Methuen, Massachusetts died in 1989. Thus, he did not sign the 1993 application for the defendant's visa. Second, the man that the defendant claimed was Luis Rosario with whom she was living in Methuen, Massachusetts was not the real Luis Rosario. The real Luis Rosario lived in New York and did

not sign the application. Additionally, the documentation purporting to show that Luis Rosario worked at Sanchez Sunoco was fraudulent, in that no one by the name of Luis Rosario worked at Sanchez Sunoco, and the purported signature of Daniel Sanchez was forged.

As a result of these material misrepresentations, the defendant was granted an immigrant visa and ultimately citizenship based on her status as a permanent legal resident obtained through this application.

The day after the defendant's application for a visa was filed with Immigration and Naturalization Services ("INS") the defendant applied for Social Security survivor benefits on behalf of herself and her minor child Oscar Rosario, on the ground that they were survivors of Luis Rosario, who she said died in 1989. The defendant and Oscar Rosario collected these benefits until 2003, when the fraud was discovered. In total, they collected approximately $80,000.

In September 2003, the defendant applied for and was granted citizenship. She made several misrepresentations on the application, including stating that she was married to Luis Rosario of Methuen, Massachusetts (even though the person she claimed was Luis Rosario had been dead for four years), that she had never "given false testimony for the purpose of obtaining any immigrant benefit," and that she had not "knowingly committed any crime for which [she had] not been arrested."

In November 2003, special agents from the Office of the Inspector General of the Social Security Administration interviewed the defendant. She claimed that she married Luis Rosario in the Bronx in 1988, and remained married to him until he was murdered in December 1989, in

Lawrence. She acknowledged that she applied for survivor benefits in his name. The defendant claimed that the 1993 application for a visa had been completed prior to Rosario's death, and that Rosario had signed the application himself before he died. These statements were also false.

## ANTICIPATED EVIDENCE AT TRIAL

The government will offer the testimony of the real Luis Rosario, his brother Pedro and potential other members of his family proving that he, and not the person murdered in Lawrence in 1989, is the real Luis Rosario born in Puerto Rico on April 23, 1966 with a social security number ending in the four digits -1995. The government will also offer testimony from Keepers of the Records from Citizenship and Information Services (the successor agency to INS) and the Social Security Administration showing the various conflicting and false statements that the defendant made to obtain her immigrant visa, citizenship and social security benefits. Finally, the government will offer the testimony of the Social Security OIG agents who interviewed the defendant in November 2003, to whom the defendant made additional false statements as charged in the Indictment.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Seth P. Berman
        SETH P. BERMAN
        LINDA M. RICCI
        Assistant U.S. Attorneys

Dated:      July 10, 2006

CERTIFICATE OF SERVICE

    I certify that this document filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

                                                /s/ Linda M. Ricci
                                                Linda M. Ricci

Dated:       July 10, 2006