UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**

**V.**                                        **CR. NO. 04-10121**

**MARISOL FELIX**

DEFENDANT'S OPPOSITION TO GOVERNEMENT'S
MOTION TO REVOKE UNITED STATED CITIZENSHIP
[with incorporated points and authorities]

Now comes the defendant, by and through counsel, and OPPOSES the Government's motion and states in support thereof as follows:

**I. Facts and Procedure**:

The Government filed its motion to revoke the United States citizenship of Marisol Felix on November 13, 2006, setting forth, *inter alia*, the jurisdiction of the District Court to revoke, set aside, or declare void the certificate of naturalization pursuant to Title 8, United States Code, Section 1452 (e).

On November 21, 2006 the Government filed a Notice of Appeal to the Court of Appeals for the First Circuit "from the sentence imposed by the district court (Tauro, J) on the defendant MARISOL FELIX on October 31, 2006, and from the resulting Judgment in a Criminal Case (entered on the docket on November 2, 2006)."

**II. Argument**:

The District Court is without jurisdiction to grant the Government's motion since the Government's appeal has relieved the Court of any jurisdiction that it may have had to act further in this case. It is generally understood that the District Court and the Court of Appeals should not attempt to assert jurisdiction over a case simultaneously/ The filing of a notice of appeal is an event of jurisdictional significance. It confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Discount Co. 459 U.S. 56, 58 (1982) (reversed on other grounds). See also, United States v. Hitchmon, 587 F.2d 1359 CA5 1979).

Here the Government has appealed the sentence and the judgment in the case. It is the judgment that the Government in the first instance claimed bestowed jurisdiction upon the district court to take adverse action against the defendant's certificate of citizenship.

The Federal Rule of Appellate Procedure 4 (b) reserves very little jurisdictional authority to the district court upon the filing of an appeal thereunder. The reserved jurisdiction applies to motions available to the defendant such as a motion to correct a sentence under Rule 35 (a) of the Federal Rules of Criminal Procedure as set out in Rule 4 (b)(5). No such motion is pending in this Court.

### III. Conclusion:

Based upon the foregoing, the defendant states that the Court is without jurisdiction to act upon the Government's motion to revoke the citizenship of Marisol Felix.

**Wherefore**: The defendant, Marisol Felix, respectfully requests the Honorable Court not to revoke her United States citizenship and that the motion of the Government be denied as beyond the jurisdiction of the Court.

    Respectfully submitted,
    By her attorney,

    *s/ James J. Cipoletta*
    _____
    James J. Cipoletta
    BBO# 084260
    385 Broadway
    Revere, MA 02151
    781.289.7777

### CERTIFICATE OF SERVICE

I, James J. Cipoletta, hereby certify that I have served a copy of the foregoing upon the Government by electronic filing of same on this date.

    *s/ James J. Cipoletta*
    _____
    James J. Cipoletta

Dated: 14 December 2006