**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 04-CR-10121-JLT** |
| | ) | |
| **MARISOL FELIX** | ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION
TO MOTION TO REVOKE UNITED STATES CITIZENSHIP**

The United States files the following reply to Defendant's Opposition to the
Government's Motion to Revoke United States Citizenship.

At the outset, the defendant has not disputed – and cannot dispute – that, based upon the
plain language of the statute, revocation of naturalization is *mandatory* upon conviction of
naturalization fraud in violation of 18 U.S.C. § 1425.  See 8 U.S.C. § 1451(e) ("When a person
shall be convicted under [18 U.S.C. § 1425] . . . the court in which such conviction is had *shall*
thereupon revoke, set aside, and declare void the final order admitting such person to citizenship,
and *shall* declare the certificate of naturalization of such person to be cancelled.") (emphasis
added); United States v. Moses, 94 F.3d 182, 188 (5th Cir. 1996) (revocation of citizenship under
8 U.S.C. § 1451(e) is mandatory).

The defendant's assertion that the filing of a notice of appeal by the government divests
the trial court of jurisdiction to consider the issue of revocation is without basis.  Although the
First Circuit has not addressed this issue, the United States Courts of Appeals for Ninth and
Eleventh Circuits have considered precisely this question and held that the trial court retains
jurisdiction to consider the revocation of citizenship under 8 U.S.C. § 1451(e) at any time.  See
United States v. Inocencio, 328 F.3d 1207 (9th Cir. 2003); United States v. Maduno, 40 F.3d
1212 (11th Cir. 1994).  In Inocencio, the government first raised the issue of revocation of

citizenship two months *after* the district court entered an order discharging the defendant from

probation and terminating the criminal case.  328 F.3d at 1208.  The Ninth Circuit squarely

rejected the defendant's challenge to the district court's jurisdiction:

> We hold that Congress' conferral of jurisdiction in section 1451(e)
> extends to permit a district court *at any time* to correct its ministerial
> failure to revoke naturalization upon a conviction under 18 U.S.C. §
> 1425.  To hold otherwise would defeat Congress' plain intent in
> requiring revocation pursuant to 1451(e) upon a conviction for
> violating 18 U.S.C. § 1425. . . .

Id. at 1210 (emphasis added).

Similarly, the Eleventh Circuit specifically has held that the filing of a notice of appeal

has no effect on the district court's jurisdiction to revoke the defendant's citizenship under 8

U.S.C. § 1451(e).  See Maduno, 40 F.3d 112.  Like the Ninth Circuit, the Eleventh Circuit

concluded that "revocation is a simple ministerial task and involves no exercise of discretion

because the revocation is statutorily mandated."  Id. at 1218.

The reasoning articulated by these courts is equally applicable here.[1]  Because the

"mandatory" language of the statute renders the act of revoking defendant's citizenship

ministerial in nature, the general rule that the filing of a notice of appeal divests the district court

of its jurisdiction is inapplicable.  Inocencio, 328 F.3d at 1210; Maduno, 40 F.3d at 1218.

Simply stated, "[r]evocation is a mandatory chore; failing to revoke did not result from a

judgmental error but from oversight.  Nor does revocation have to do with *sentencing*, which has

its own regime for determining the extent of a district court's jurisdiction to correct errors."

Inocencio, 328 F.3d at 1209 (emphasis in original).  Where, as here, the district court is asked to

---

[1]     In contrast to the Inocencio and Maduno cases (where the issue was first raised by the
government after sentencing), the procedural posture of the instant case reflects the government's
diligence in asking the Court to address this issue.  The government raised the applicability of 8 U.S.C. §
1451(e) both during the defendant's Rule 11 hearing and again at the defendant's sentencing, and
provided a proposed order for the Court's consideration.  See 10/31/06 Tr. at 4.

correct its ministerial oversight, it is not only free to exercise its jurisdiction to effect such revocation, but it is required to do so. Such exercise of its jurisdiction is wholly consistent with First Circuit caselaw recognizing that the divestiture of jurisdiction rule is not absolute. <u>See</u>, <u>e.g.</u>, <u>United States v. Hurley</u>, 63 F.3d 1, 23 (1st Cir. 1995) (noting exceptions to the rule).

WHEREFORE, the United States respectfully request that the Court order that the final order admitting MARISOL FELIX for citizenship be revoked, set aside and declared void, and that Certificate of Naturalization No. 28000049, dated October 9, 2003, admitting MARISOL FELIX to citizenship be cancelled.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ LINDA M. RICCI
       Seth P. Berman
       Linda M. Ricci
       Assistant U.S. Attorneys

Dated:  December 21, 2006

<u>CERTIFICATE OF SERVICE</u>

I certify that this document has been filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

/s/ Linda M. Ricci
Linda M. Ricci

Dated:  December 21, 2006